STURZINGER *v*. CITY OF SANDUSKY.

(Decided October 24, 1927.)

*Mr. H. L. Peeke* and *Mr. J. F. Hertlein,* for plaintiff in error.

*Mr. E. H. Savord,* city solicitor, for defendant in error.

LLOYD, J.   By his action filed in the court of common pleas, the plaintiff in error, as plaintiff, sought to recover damages of the defendant in error, as

defendant, for injuries to the automobile of plaintiff occasioned by his colliding with a hydrant on Johnson street in the defendant city. This street is located near the southerly limits of the city, and is 33 feet wide. It is not paved or improved, other than that the middle portion thereof is covered with rolled stone.

Plaintiff, who was the only witness called, stated that on the north side of a portion of this street or road is a sidewalk; that this sidewalk stops easterly of where the hydrant is located, and from this point there is no sidewalk until the next north and south street is reached; that the hydrant is located in Johnson street, about 7 feet from the north line thereof, and between where the sidewalk, if extended, would have been and the curb of Johnson street, had that street been paved; that, from where the sidewalk ended to about 6 feet beyond the hydrant, grass had grown which concealed the hydrant from view, the hydrant being about 3 feet in height; and that there was nothing to indicate the location of the hydrant. And plaintiff stated that he did not know or see that it was there, it being dark at the time of the occurrence in question, which happened about 9:30 p. m. on a night in August, 1924. Plaintiff was returning home from a pageant conducted in connection with the centennial celebration of the founding of the city, held in an athletic field adjoining Johnson street.

He testifies that a great number of people were present who also were returning to their homes, many of them in automobiles, Johnson street being thereby, and by the parking of automobiles thereon, very much congested and crowded. He also testi-

fies that at the point where the hydrant is located he turned his automobile from the stoned portion of Johnson street onto the grassy portion thereof in order to pass an automobile approaching from the east, and in so doing collided with the hydrant.

At the conclusion of plaintiff's evidence, the trial court, upon motion of defendant, directed the jury to return a verdict in favor of the defendant, and, a motion for new trial filed by plaintiff being overruled, judgment was entered on the verdict.

Plaintiff claims that the defendant was negligent in allowing the grass to grow so high as to conceal the hydrant, and in so placing it in the street without something to indicate its presence to those using the highway, and asks this court to reverse the judgment of the court of common pleas, for the alleged reasons that the court erred in granting the one and overruling the other of the above-mentioned motions.

The defendant claims that, in locating and maintaining the hydrant, it was acting in a governmental capacity, and could not be held, under any circumstances, to respond in damages; that the evidence offered by plaintiff was not sufficient to establish a cause of action; and, thirdly, that plaintiff himself was guilty of negligence contributing proximately to the injuries to his automobile.

Although it may be that a municipality may locate and maintain hydrants for fire purposes upon its streets, where it is determined the reasonable purposes thereof will be best subserved, still there rests upon the municipality the correlative duty of maintaining its streets in a reasonably safe condition for travel by those entitled to use them. Muni-

cipalities are not liable for injuries caused by the performance of, or the failure to perform, purely governmental functions. The defendant would not be liable to plaintiff for any damages sustained by him from the negligent use of the hydrant by members of the fire department when engaged in the work of fire protection, but it would be liable for injuries sustained by the negligent use thereof in furnishing water therefrom at a rental for private consumption, or for negligence of employees of the waterworks department in opening and flushing it for the purpose of purifying the city water. The character of the use determines whether the municipality acts in a governmental or in a ministerial capacity.

But we do not have that question for consideration. The injury of which plaintiff complains did not result from the negligent use of the hydrant, but because, plaintiff claims, the hydrant was placed where, under the alleged existing facts and circumstances, he had a right to drive his car, and was so hidden from view as to become dangerous to travelers on the highway.

In passing, we may say that our opinion is that the third amended petition of plaintiff, upon which the action was tried, given a liberal construction, states facts from which it might be inferred that defendant had notice of the alleged condition of Johnson street at the place in question, but it would be preferable to plead it more specifically.

Without commenting further thereon, and without expressing, or intending to express, any opinion as to what the facts are or may be found to be, we are of the opinion that the evidence offered by plaintiff

was sufficient to require a submission to a jury of the issues involved, both as to the alleged negligence of the defendant and the alleged contributory negligence of the plaintiff. So concluding, the judgment is reversed, and the action remanded to the court of common pleas for further proceedings according to law.

*Judgment reversed and cause remanded.*

RICHARDS and WILLIAMS, JJ., concur.